# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY NAZARIO, JR. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) NO. CIV-16-1243-HE |
| | ) |
| JOE ALLBAUGH, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner, a state prisoner appearing through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. The matter was referred to U.S. Magistrate Judge Bernard M. Jones for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Jones has issued a Report and Recommendation (the "Report") recommending that the petition be denied. Petitioner has filed an objection to the Report which triggers *de novo* review of by this court of proposed findings or recommendations to which objection has been made. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010); *see also* 28 U.S.C. § 636(b)(1)(C).

A jury in Comanche County convicted petitioner of second degree murder, and he was sentenced to twenty-five years imprisonment. Petitioner's conviction was affirmed on direct appeal by the Oklahoma Court of Criminal Appeals ("OCCA"). Petitioner raised four grounds for relief in his direct appeal, all of which the OCCA reviewed and rejected in a summary opinion. Petitioner did not seek post-conviction relief in state court.

Here, petitioner relies on the same four grounds that were raised on direct appeal. Because the OCCA addressed the merits of petitioner's claims, this court's review is governed by 28 U.S.C. § 2254(d). The Supreme Court has repeatedly acknowledged that Section 2254(d) "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 571 U.S. 12, 134 S. Ct. 10, 16 (2013). Relief may only be granted "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Harrington v. Richter, 562 U.S. 86, 102 (2011).

Petitioner has limited his objections to the Report's determinations: (1) that trial counsel was not ineffective by failing to impeach two witnesses and to elicit testimony favorable to self-defense (from Ground One); (2) that trial counsel was not ineffective by failing to request a jury instruction on the lesser included offense of manslaughter (from Ground Two); and (3) that the court should deny petitioner's request for an evidentiary hearing on the ineffective assistance of counsel claims. Petitioner argues both that trial counsel was ineffective and that the OCCA's decision with respect to these issues was "unreasonable in light of the facts and contrary to, or an unreasonable application of Strickland v. Washington. Doc. # 15, p. 6.[1]

To show constitutionally deficient performance by counsel, a petitioner must establish both that counsel's performance fell below an objective standard of reasonableness and that there was prejudice as a result. Strickland v. Washington, 466 U.S.

---

[1] *References to filings with this court are to the CM/ECF document and page number.*

668, 688 & 692 (1984). A court considering an ineffective assistance claim applies a "strong presumption" that counsel's representation was within the "wide range of reasonable professional assistance." *Id.* at 689. With respect to the prejudice element, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. It is not enough to show that counsel's errors had some conceivable effect on the outcome of the proceeding. Rather, the errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The Strickland standard for judging counsel's representation is a "most deferential one" and that is true even for a court reviewing the performance in the first instance. Harrington, 562 U.S. at 105. But this court is not reviewing the matter in the first instance. Rather, it is assessing whether the state court's determination of the matter involved an "unreasonable application of" the Strickland standard.

For purposes of § 2254(d), "'an unreasonable application of federal law is different from an incorrect application of federal law.'" *Id.* at 101 (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). The state court determination is granted "deference and latitude that are not in operation when the case involves review under the Strickland standard itself. *Id.* "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Stated otherwise, the petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. And even a "strong case

3

for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102.

Petitioner alleges that counsel's failure to impeach witnesses Munoz and Dutchover with prior statements to police and with preliminary hearing testimony was ineffective assistance of counsel because such impeachment would have "undercut their overall credibility, and therefore the State's theory that Petitioner committed second degree murder." Doc. #15, p. 2. But petitioner was relying on these witnesses to establish his self-defense argument. Thus, it cannot be stated with certainty that it was unreasonable for counsel to fail to further impeach those witnesses. Also, as the Report highlights, the very statements that petitioner believes should have been used to impeach the witnesses undercut his self-defense claim. While impeaching a witness with prior inconsistent statements may be "elementary, and effective cross-examination" as petitioner states, not impeaching a witness may reasonably be part of a counsel's strategy that this court will not second guess on hindsight during habeas review.

Petitioner also asserts that trial counsel should have elicited additional testimony from Munoz and Dutchover regarding his claim of self-defense. Specifically, petitioner points to testimony Dutchover provided at the preliminary hearing as more supportive of his claim of self-defense. But both Munoz and Dutchover had admitted that certain of their earlier statements and testimony were untruthful. Counsel's decision to avoid highlighting this fact, when relying on the witnesses to establish a defense, is within the range of reasonable choices prudent counsel may make. Further, there is no reasonable probability that a different choice would have affected the outcome.

4

Petitioner also argues that the failure of trial counsel to seek an instruction on the lesser offense of manslaughter constituted ineffective assistance of counsel and that the OCCA's rejection of this argument was an unreasonable application of, or contrary to, Strickland. But, as noted in the Report, the OCCA concluded that there "was no evidence to support the giving of the instructions as the evidence did not show that Nazario's actions were aroused by adequate provocation." Doc. #8-5, p. 3. This conclusion was not so lacking in justification as to preclude the possibility for fairminded disagreement about it.

Applying the standards of Strickland and Harrington to petitioner's motion, the court concludes he has failed to show a basis for habeas relief. The court cannot say that the state court determination was so lacking in justification that fairminded jurists could not have reached it. Further, petitioner has not shown a sufficient basis for overcoming the limitation of § 2254(d), and there is hence no basis for the requested evidentiary hearing. *See* Cullen v. Pinholster, 563 U.S. 170, 185 (2011).

Accordingly, the Report and Recommendation [Doc. #14] is **ADOPTED** and the petition for writ of habeas corpus [Doc. #1] is **DENIED**. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability is also denied.

**IT IS SO ORDERED**.

Dated this 11th day of April, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE